UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRACY A. LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:05-CV-165 WL |
| v. ) | |
| ) | |
| JAMES A. HERMAN, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Tracy A. Lawrence, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Lawrence alleges that he has filed several grievances about water standing on the floor of the dayroom. He states that he has not gotten a response to those grievances. The Constitution does not require that a prison provide a grievance procedure nor that government employees respond to grievances. *Jones v. Brown*, 300 F. Supp. 2nd 674, 679 (N.D. Ind. 2003) ("[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.") Therefore these claims will be dismissed.

Mr. Lawrence alleges that he was injured when he slipped in the water on the dayroom floor. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause

consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

> To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.

*Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004).

> Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment. Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.

*Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quotation marks, square brackets, and ellipsis omitted.)

For the forgoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: May 31 , 2005

S/William C. Lee
William C. Lee, Judge
United States District Court

3